IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

```
UNITED STATES OF AMERICA      *
                              *
     v.                       *      CR 618-014-5
                              *
CASSIE JO BARBEE              *
```

## O R D E R

Defendant Cassie Jo Barbee has sent a letter to the undersigned judge that will be construed as a motion for "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] The government opposes the motion. Upon due consideration, the Court dismisses Barbee's motion as premature for failure to exhaust administrative remedies.

The compassionate release provision of § 3582(c)(1)(A) provides a narrow path for a defendant in "extraordinary and compelling circumstances" to leave prison early. Prior to the passage of the First Step Act, only the Director of the Bureau of

---

[1] Barbee speaks in terms of releasing her to home confinement. However, designation of an inmate's place of confinement is within the absolute discretion of the Bureau of Prisons. E.g., Jones v. Woods, 2019 WL 2754731, *4 (M.D. Ala. Jun. 4, 2019) (cited sources omitted); Brown v. Atkinson, 2010 WL 3659634, *4 (S.D. Fla. Jun. 11, 2010) ("A federal district court does not have the authority to order an inmate's placement in a particular facility or program." (cited sources omitted).) Accordingly, the Court has no authority to direct that Barbee's remaining sentence be served on home confinement.

Prisons ("BOP") could file a motion for compassionate release in the district court. The First Step Act modified 18 U.S.C. § 3582(c)(1)(A) to allow *a defendant* to move a federal district court for compassionate release, but only "after [s]he has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." In this case, Barbee has made no showing that she has exhausted her administrative remedies as required prior to seeking relief in the district court.

The mandatory exhaustion language of the statute essentially gives the BOP at least thirty days to consider any request for compassionate release. See Ross v. Blake, --- U.S. ---, 136 S. Ct. 1850, 1856 (2016) (finding that courts cannot ignore the mandatory language of the Prison Litigation Reform Act's exhaustion statute even to accommodate special circumstances). This waiting period is appropriate because the BOP is better positioned to assess an individual inmate's present circumstances. In the context of the COVID-19 pandemic, where the BOP has implemented policies and proactive measures to protect the health and safety of its prisons' populations,[2] and where the Attorney

---

[2] (See generally Gov't Resp. in Opp'n, Doc. 609, at 6-10 and sources cited therein.)

2

General has directed the BOP to "immediately maximize appropriate transfers to home confinement . . . where COVID-19 is materially affecting operations,"[3] the expertise and informed assessment of the BOP should not be heedlessly omitted from the process. Accord United States v. Raia, Case No. 20-1033 (3d Cir. Jan. 3, 2020), Am. Opinion of Apr. 8, 2020, Doc. 25, at 8 (stating that "[g]iven BOP's shared desire for a safe and healthy prison environment, . . . strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added – and critical – importance" in connection with the COVID-19 pandemic). Accordingly, the Court will not consider Barbee's motion for compassionate release at this time.

The Court notes the Government's concession that Barbee meets the criteria of Application Note 1(A)(ii)(I) of U.S.S.G. § 1B1.13, the policy statement of the Sentencing Commission in the implementation of compassionate release provision, in that under the circumstances of the COVID-19 pandemic, her medical condition qualifies as serious.

---

[3] Memorandum from the Attorney General to the Director of Bureau of Prisons, dated Apr. 3, 2020, *available at* https://www.justice.gov/file/1266661/download (last visited Jul. 17, 2020). See also Memorandum from the Attorney General to the Director of Bureau of Prisons, dated Mar. 26, 2020, *available at* https://www.justice.gov/file/1262731/download (last visited Jul. 17, 2020) ("I am hereby directing you to prioritize the use of your various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic.").

3

Upon the foregoing, the Clerk is directed to **TERMINATE** Defendant Cassie Jo Barbee's motion for compassionate release (doc. 607) without prejudice for Barbee to refile after she has exhausted her administrative remedies with respect to the COVID-19 pandemic.

**ORDER ENTERED** at Augusta, Georgia, this 20th day of July, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA